UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID ZENON ET AL** | **CASE NO. 6:22-CV-00642** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **HOME DEPOT USA, INC., ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING**

Presently before the court are: (1) a Motion for Partial Summary Judgment on Plaintiffs' Claims for Lost Earnings and Loss of Future Earning Capacity [ECF No. 21]; and (2) a Motion for Partial Summary Judgment on Future Medical Expenses [ECF No. 25]. Both motions were filed by defendant Home Depot U.S.A., Inc. Plaintiffs oppose the motions.[1] After considering the summary judgment record, the parties' arguments, and the relevant authorities, the Court rules as follows.

**I.**
**BACKGROUND**

Plaintiffs David and Brandi Zenon allege that they were injured when they were struck by falling PVC pipes while shopping at Home Depot.[2] Plaintiffs allege that as a result of their injuries, David Zenon "underwent a two-level anterior cervical discectomy" and Brandi Zenon "underwent an anterior cervical discectomy and fusion and a three-level instrumented fixation."[3] Both plaintiffs seek damages for lost wages and loss of future earning capacity. They also seek damages for future medical expenses. Plaintiffs originally commenced this case in the 15th JDC, Lafayette Parish, Louisiana. The case was subsequently removed to this Court on the basis of diversity

---

[1] ECF Nos. 23, 29.
[2] ECF No. 1-2 at ¶ 2.
[3] ECF No. 23 at 2.

jurisdiction under 28 U.S.C. § 1332. Thereafter, Home Depot filed the present motions, which argue that Plaintiffs cannot prove their claims for lost wages, lost earning capacity, and future medical expenses, and therefore these damage claims must be dismissed with prejudice.

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[4] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[7]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[8] "Credibility

---

[4] Fed. R. Civ. P. 56(a).
[5] *Id.*
[6] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[7] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[8] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).

determinations are not part of the summary judgment analysis."[9] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[10]

## III.
### DISCUSSION

**A.     Lost Past Earnings.**

Home Depot first challenges Plaintiffs' claims for past lost earnings. According to Home Depot, "Plaintiffs have not produced any evidence in this case tending to support a claim for wage loss of any kind."[11] Home Depot contends "[p]ast wage loss must be proven by a preponderance of the evidence, such as through W2s, pay stubs, or bank records, sufficient to demonstrate what Plaintiff actually earned before the incident in question."[12]

The Court finds the foregoing is an incomplete statement of law. As set forth in one of the cases relied upon by Home Depot, "A claim for loss of earnings need not be proven with mathematical certainty, but only by such proof as reasonably establishes plaintiff's claim. *This may consist only of plaintiff's testimony if considered credible by the trier of fact*."[13] Here, in their memorandum in opposition, Plaintiffs point to the following evidence with respect to lost past earnings:

---

[9] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[10] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[11] ECF No. 21 at 7.
[12] *Id*. (*Gygax v. Brugoto*, 92-0003, p. 6 (La.App. 4 Cir. 11/30/94); 646 So.2d 1236, 1241; *Veazey v. State Farm Mut. Auto Ins.*, 587 So.2d 5 (La. Ct. App.1991)).
[13] *Veazy*, *supra* (emphasis added); *accord Driscoll v. Stucker*, 2004-0589, p. 29 (La. 1/19/05); 893 So.2d 32. Further, as Plaintiffs correctly argue, the other case relied upon by Home Depot—*Gygax*—is factually and procedurally distinguishable. *See* ECF No. 23 at 5.

- Both Plaintiffs testified in their depositions that they missed three months of work in order to recover from surgery;

- David Zenon testified that in the past he earned between $78,000 to $83,000 per year, and while he was out of work in recovery he was paid "275 a week" in short-term disability benefits; and

- Brandi Zenon testified that immediately prior to undergoing surgery she was earning $15.50 per hour from Scott Family Physicians. [14]

The Court finds that Plaintiffs' testimony is sufficient to create a genuine issue of material fact as to lost earnings. Accordingly, the motion will be denied to the extent it seeks dismissal of Plaintiffs' claims for past lost earnings.

**B.     Loss of Future Earnings and Future Earning Capacity.**

Home Depot next challenges Plaintiffs' claims for loss of future earnings and future earning capacity. Specifically, Home Depot argues that "Plaintiffs are unable to establish to a reasonable certainty that they have suffered a loss of earning capacity and loss of future wages."[15] According to Home Depot, "Plaintiffs must come forward with proof, often through expert testimony, that they are permanently impaired from making the same earnings before the accident," and that this showing "requires proof of both impairment from a medical standpoint and reduced earnings in present day values from a financial stand point [sic]."[16] Home Depot concludes that Plaintiffs cannot make this showing because they "have not provided any expert report or other disclosure of any vocational therapist or economist who support their future earnings or impairment claims."[17]

---

[14] ECF No. 23 at 5.
[15] ECF No. 21 at 5.
[16] *Id*.
[17] *Id*. at 5-6.

The Court disagrees. The Louisiana Supreme Court has permitted awards for loss of future earning capacity based solely on testimony of treating physicians and other medical evidence without expert testimony from vocational or economic experts.[18] The only requirement under Louisiana law for proving loss of future earning capacity is "medical evidence which at least indicates that there could be a residual disability causally related to the accident."[19] Moreover, a plaintiff may rely on lay testimony "to compliment and corroborate medical evidence."[20]

Here, Plaintiffs point to evidence in the record that they suffer from residual disabilities arising from the accident at issue. Specifically, they point to records from Brandi Zenon's June 1, 2022 appointment with Dr. Jamie Trahan, which indicates that she should "avoid heavy lifting and high impact activity," and that she suffers from "pain and irritation from sitting at a computer for long periods of time."[21] Plaintiffs point to a May 25, 2022 medical record for David Zenon indicating that his work driving trucks "may exacerbate cervical muscle spasms and contribute to headache symptoms."[22] Plaintiffs also point to their testimony that their continuing medical conditions resulting from the accident have limited their ability to work.[23] Based upon this evidence, the Court concludes that the record supports a triable issue with respect to Plaintiffs' claims for lost future earnings and lost earning capacity.

C. **Future Medical Expenses**

Finally, Home Depot challenges Plaintiffs' claims for future medical expenses. Specifically, Home Depot asserts that Plaintiffs have "produced no timely expert report, treatment record, or other medical evidence" showing that Plaintiffs "will require future medical treatment

---

[18] *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1343-44 (La. 1993).
[19] *Bize v. Boyer*, 408 So.2d 1309, 1311-12 (La. 1982).
[20] *Id*. at 1312.
[21] ECF No. 23 at 6 (quoting June 1, 2022 Medical Report, ECF No. 23-5).
[22] *Id*. (quoting May 25, 22 Medical Report, ECF No. 23-6).
[23] *Id*. at 7.

or the probable cost thereof."[24] While Home Depot acknowledges that Plaintiffs timely disclosed that Dr. Jayme Trahan—Plaintiffs' treating physician and a non-retained expert witness—would provide expert testimony at trial with regard to Plaintiffs' future medical needs, Home Depot contends "anticipated future testimony is not sufficient for summary judgment purposes."[25]

Louisiana law permits awards for future medical expenses, but they "must be established with some degree of certainty."[26] "The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence the future medical expense will be medically necessary."[27] Here, Plaintiffs timely disclosed that Dr. Trahan will provide expert testimony at trial regarding Plaintiffs' future medical treatment and associated costs.[28] Further, Plaintiffs point to medical records for David Zenon which indicate "he may already be experiencing symptoms of adjacent level disk disease."[29] They also point to Dr. Trahan's medical records stating Mr. Zenon "is developing disk bulging at the level adjacent to his surgery" and that Dr. Trahan and Mr. Zenon "discussed ACDF [anterior cervical disc fusion] and possible right UE ulnar nerve decompression pending further testing."[30] Finally, Plaintiffs point to their deposition testimony indicating that they each continue to suffer residual pain and disability.[31] In sum, the Court concludes that the record supports a triable issue with respect to Plaintiffs' claims for future medical expenses.

---

[24] ECF No. 25-1 at 3. This sentence from Home Depot's brief seems to suggest that the argument is limited to Plaintiff Brandi Zenon in using the term "she" and referring "Plaintiff" but the remainder of Home Depot's argument appears to be framed in terms of both Plaintiffs. Home Depot appears to use "Plaintiff" and "Plaintiffs" interchangeably throughout their memorandum. *See, e.g.* ECF No. 25-1 at 4 "referring to "Plaintiffs'" in one sentence and the very next sentence referring to "Plaintiff's."
[25] ECF No. 25-1 at 4-5
[26] *Duncan v. Kansas City Southern Railway Co.*, 773 So.2d 670, 685 (La. 2000).
[27] *Menard v. Lafayette Ins. Co.*, 31 So.3d 996, 1006 (La. 2010).
[28] *See* ECF No. 29-2 at 1-2; *see also* Fed. R. Civ. P. 26(a)(2)(C).
[29] ECF No. 29 at 4.
[30] ECF No. 29 at 4-5 (quoting April 19, 2023 Appointment Record, ECF No. 29-3).
[31] ECF No. 29 at 3.

## IV.
### CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment on Plaintiffs' Claims for Lost Earnings and Loss of Future Earning Capacity [ECF No. 21] and the Motion for Partial Summary Judgment on Future Medical Expenses [ECF No. 25] are DENIED.

THUS DONE in Chambers on this 28th day of July, 2023.

                                             ROBERT R. SUMMERHAYS
                                             UNITED STATES DISTRICT JUDGE