UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID ZENON ET AL** | **CASE NO. 6:22-CV-00642** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **HOME DEPOT USA, INC., ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## RULING and ORDER

Before the Court is a Motion in Limine [ECF No. 32] filed by Defendant Home Depot U.S.A., Inc. ("Home Depot").[1] Plaintiffs David Zenon and Brandi Zenon oppose the Motion.[2]

### I.
#### APPLICABLE STANDARDS FOR MOTIONS IN LIMINE

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.[3] Among other grounds, a court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[4] Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds.[5] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."[6] "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy, and potential

---

[1] ECF No. 32.
[2] ECF No. 37.
[3] FED. R. EVID. 402.
[4] *Id.* at 403.
[5] *Gordon v. Great W. Cas. Co.*, 2:18-CV-00967, 2020 WL 4561223, at *1 (W.D. La. July 8, 2020); *Jones v. Bd. of Supervisors of Univ. of Louisiana Sys.*, CV 14-2304, 2016 WL 9405315, at *2 (E.D. La. Feb. 29, 2016).
[6] *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), *superseded by rule on other grounds as stated in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).

prejudice can be resolved in the proper context."[7] "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[8] The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground.[9] Accordingly, "the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."[10]

## II.
### ANALYSIS

In the present case, Home Depot's Motion in Limine requests a pretrial ruling on the admissibility of eight (8) categories of evidence and arguments. The Court rules on the Motion as follows:

**1. Any references or arguments pertaining to availability of insurance or to the size, solvency, or profits of the Defendant.**

The Court grants this request as to evidence and arguments pertaining to Home Depot's profits and solvency. It does not appear from the record that Plaintiffs are seeking punitive or exemplary damages. Accordingly, this evidence does not appear be relevant and, even if it has probative value, that probative value is substantially outweighed by the danger of unfair prejudice. As far as arguments as to the "size" of Home Depot, the Court agrees with Plaintiffs that evidence about the relative size of Home Depot as far as its "corporate policies, its practices and procedures for stocking and stacking merchandise, and its employee training programs," and "that [it] would

---

[7] *Wigginton v. Univ. of Mississippi*, 3:15CV093-NBB-RP, 2017 WL 11015636, at *1 (N.D. Miss. Oct. 20, 2017) (quoting *Gonzalez v. City of Three Rivers*, No. C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013)) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).
[8] *Wigginton* at 1 (quoting *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)); *see also Orchestrate HR, Inc. v. Trombetta*, 3:13-CV-2110-KS, 2017 WL 273669, at *1 (N.D. Tex. Jan. 20, 2017).
[9] *Johnson v. El Paso Healthcare Sys., Ltd.*, EP:11-CA-549-FM, 2013 WL 12393903, at *2 (W.D. Tex. Feb. 26, 2013); *Cooper v. Meritor, Inc.*, 4:16-CV-52-DMB-JMV, 2019 WL 1028530, at *1 (N.D. Miss. Mar. 4, 2019).
[10] *Cooper, supra* (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013)).

reasonably be expected to maintain extensive documentation regarding accidents and potential accidents, and to use diagrams and schematics to organize its shelves" is permissible. But references in jury arguments to size alone that seek to create an "us-versus-them" comparison are not permissible, and the Court grants the Motion in this regard. Finally, Plaintiffs' Opposition does not address Home Depot's insurance argument. That aspect of the Motion is therefore granted.

2. **Any reference to or argument related to Plaintiffs' future medical care needs and costs.**

The Court denies this request for the same reasons set forth in the Court's Memorandum Ruling on Home Depot's Motion Summary Judgment.[11]

3. **Any evidence of Plaintiff's future damages not reduced to present value.**

The Court denies this request for the same reasons set forth in the Court's Memorandum Ruling on Home Depot's Motion Summary Judgment.[12]

4. **Any hearsay evidence about the medical diagnoses, treatment, and prognosis of Plaintiffs.**

While an objection to hearsay that does not fall within an exception to the hearsay rule is valid, the Court cannot rule on the admissibility of this evidence in the abstract prior to trial. Accordingly, the Court denies the Motion with respect to this request.

5. **Any duplicative or cumulative lay witness testimony**.

This request in the Motion seeks the exclusion of a broad, generic category of evidence without reference to specific anticipated testimony. While objections that testimony is duplicative or cumulative are valid, the Court cannot rule on the admissibility of this evidence in the abstract prior to trial. Accordingly, the Court denies the Motion with respect to this request.

---

[11] ECF No. 33.
[12] *Id.*

**6. Any references to the allegations and/or defenses set forth in the pleadings.**

Home Depot seeks to exclude "any references to generic allegations or defenses previously asserted that do not form part of the joint pre-trial order should be excluded from trial." The Court denies this request without prejudice to the parties asserting timely objections during trial.

**7. Any "unit-of-time" arguments.**

Home Depot seeks a ruling excluding any "unit-of-time" arguments at trial with respect to damages. A "unit-of-time" argument generally involves arguments relying on a per diem or unit-of-time dollar amount that the jury should award as damages for loss of enjoyment of life. These arguments are "disfavored because they tend to produce excessive verdicts."[13] However, contrary to Home Depot's argument, they are not *per se* impermissible. The circuit allows "unit of time" arguments if the district court implements appropriate "safeguards."[14] According to the circuit:

> The safeguards which may be utilized may take the form of requiring that counsel notify the court and opposing counsel in advance of argument that the unit of time argument will be made. Since charts are generally used, they should be carefully scrutinized to eliminate any false factual impressions. Also, the court should, as was done in the instant case, make it clear to the jury that the unit of time argument is merely a method of presenting contentions, and is not to be considered as evidence. This may be done at the time the argument is made, or in charge to the jury, or on both occasions.[15]

Consistent with the Fifth Circuit's suggestion in *Baron Tube Co.*, if counsel intends to rely on "unit-of-time" arguments, they should notify opposing counsel and the Court before making the argument. This will provide the Court with the opportunity to consider timely requests for appropriate instructions to the jury. In all other respects, the requested relief is premature and denied.

---

[13] *Westbrook v. Gen. Tire & Rubber*, 754 F.2d 1233, 1240 (5th Cir. 1985).
[14] *Foradori v. Harris*, 523 F.3d 477, 510 (5th Cir. 2008).
[15] *Baron Tube Co. v. Transport Ins. Co.*, 365 F.2d 858, 865 (5th Cir. 1966).

**8. Any efforts to appeal to a juror's sense of community, personal responsibility, and safety.**

Defendants next request a ruling prohibiting Plaintiffs' counsel from referencing facts or making arguments intended to inflame the jury and induce a verdict based on passion and prejudice. Specifically, Home Depot seeks a ruling that prohibits "Plaintiffs, Plaintiffs' counsel, and Plaintiff's witnesses from mentioning or bringing before the jury—either directly or indirectly—in any manner those arguments, questioning, or testimony that pertain to the 'Golden Rule,' 'Reptile Strategy,' or other similar methods intended to improperly invoke emotions of fear and passion from the jury or otherwise suggest a juror's duty to protect their community."[16]

"Conscience of the community" arguments are disfavored. "Arguments which invite a jury to act on behalf of a litigant become improper 'conscience of the community' arguments when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors."[17] Us-against-them pleas "can have no appeal other than to prejudice by pitting 'the community' against a nonresident corporation. Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial."[18] Accordingly, such appeals will not be permitted at trial and the Court grants the Motion in this regard.

So-called "Golden Rule" arguments suggest that "the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them."[19] While "Golden Rule" arguments are improper on the issue of damages,[20] they are permissible on the question of

---

[16] ECF No. 32 at 8.
[17] *Guar. Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir.1990).
[18] *Westbrook,* 754 F.2d at 1238.
[19] *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011) (internal quotations and citations omitted).
[20] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005).

liability.[21] Accordingly, the motion is granted insofar as plaintiffs are prohibited from using "Golden Rule" arguments in relation to damages.

According to Home Depot, so-called "Reptile Theory" arguments refer to "a litigation strategy borne by two Atlanta-based plaintiffs' attorneys, David Ball and Don Keenan, and laid out in their book: 'Reptile: The 2009 Manual Of The Plaintiff's Revolution.'"[22] Such arguments are "intended make the jury feel that the defendant's conduct is unsafe and dangerous not just for this case and this plaintiff, but to the community at large."[23] The Court denies this requested relief. An order barring counsel from employing tactics to force jurors to make decisions based purely on perceived personal danger is too abstract to support a ruling prior to trial. This request "give[s] the court nothing objective to consider in deciding what language to prohibit."[24] The Court will instruct jurors that they may not decide the case based on personal prejudice, passion, or bias. If counsel believes that that this instruction has been violated during the course of trial, they may assert a timely objection.

Accordingly,

IT IS HEREBY ORDERED that the Motion in Limine [ECF No. 32] filed by Plaintiff is GRANTED in part and DENIED in part as set forth above.

THUS DONE in Chambers on this 9th day of August, 2023.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[21] *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983).
[22] ECF No. 32-1 at 8.
[23] *Id.*
[24] *Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017).