UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID ZENON ET AL** | **CASE NO. 6:22-CV-00642** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **HOME DEPOT USA, INC., ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**RULING and ORDER**

Before the Court is an omnibus Motion in Limine filed by Plaintiffs David Zenon and Brandi Zenon.[1] Defendant Home Depot U.S.A., Inc. ("Home Depot") opposes the motion.[2]

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.[3] Among other grounds, a court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[4] Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds.[5] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."[6] "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy, and potential

---

[1] ECF No. 31.
[2] ECF No. 35.
[3] FED. R. EVID. 402.
[4] *Id.* at 403.
[5] *Gordon v. Great W. Cas. Co.*, 2:18-CV-00967, 2020 WL 4561223, at *1 (W.D. La. July 8, 2020); *Jones v. Bd. of Supervisors of Univ. of Louisiana Sys.*, CV 14-2304, 2016 WL 9405315, at *2 (E.D. La. Feb. 29, 2016).
[6] *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), *superseded by rule on other grounds as stated in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).

prejudice can be resolved in the proper context."[7] "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[8] The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground.[9] Accordingly, "the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."[10]

In the present case, Plaintiffs' Motion in Limine requests a pretrial ruling on the admissibility of twenty (20) categories of evidence:

    1. Evidence relating to domestic or interspousal issues;

    2. Social media evidence;

    3. Prior claims;

    4. Specific instances of prior conduct used to attack character or truthfulness;

    5. Past crimes, wrongs, or other acts;

    6. Collateral source;

    7. Child support;

    8. Motion in limine;

    9. Financial status of plaintiff attorney;

    10. Attorney-client privilege;

---

[7] *Wigginton v. Univ. of Mississippi*, 3:15CV093-NBB-RP, 2017 WL 11015636, at *1 (N.D. Miss. Oct. 20, 2017) (quoting *Gonzalez v. City of Three Rivers*, No. C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013)) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).
[8] *Wigginton* at 1 (quoting *Hawthorne Partners v. AT&T Tech, Inc*., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)); *see also Orchestrate HR, Inc. v. Trombetta*, 3:13-CV-2110-KS, 2017 WL 273669, at *1 (N.D. Tex. Jan. 20, 2017).
[9] *Johnson v. El Paso Healthcare Sys., Ltd*., EP:11-CA-549-FM, 2013 WL 12393903, at *2 (W.D. Tex. Feb. 26, 2013); *Cooper v. Meritor, Inc*., 4:16-CV-52-DMB-JMV, 2019 WL 1028530, at *1 (N.D. Miss. Mar. 4, 2019).
[10] *Cooper, supra* (quoting *Leonard v. Stemtech Health Scis., Inc*., 981 F.Supp.2d 273, 276 (D. Del. 2013)).

11. Recovery of interest;

12. Federal income tax;

13. Annuities;

14. Adverse financial impact of verdict upon jurors;

15. Adverse effects of judgment on insurance premiums;

16. Adverse effect of judgment on defendants;

17. Evidence precluded by the court;

18. Photographs, movies, and videotapes not tendered to Plaintiffs;

19. Witnesses or expert opinions not revealed in discovery; and

20. Impeachment evidence not given timely.

Home Depot does not object to the following categories of evidence covered in the Motion in Limine: Category 8 (Motion[s] in limine); Category 13 (Annuities); Category 14 (Adverse financial impact of verdict upon jurors); Category 15 (Adverse effects of judgment on insurance premiums; Category 16 (Adverse effect of judgment on defendants); and Category 17 (Evidence precluded by the court). The Court grants the Motion in Limine with respect to these categories of evidence without prejudice to the parties re-urging their arguments outside the presence of the jury.

In all other respects, the Motion in Limine seeks the exclusion of broad, generic categories of evidence without reference to specific documents, testimony, or arguments that are likely to be at issue during the trial of this case. The Court cannot rule on the admissibility of this evidence in the abstract prior to trial. Accordingly, the Court denies the Motion in Limine with respect to the remaining categories of evidence/arguments. Plaintiffs may timely re-urge their evidentiary objections at trial.

Accordingly,

IT IS HEREBY ORDERED that the Motion in Limine [ECF No. 31] filed by Plaintiff is GRANTED in part and DENIED in part as set forth above.

THUS DONE in Chambers on this 9th day of August, 2023.

    ROBERT R. SUMMERHAYS
    UNITED STATES DISTRICT JUDGE